IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN C. BOYD, | : | |
| | : | Case No. 2:11-CV-00948 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | Magistrate Judge Kemp |
| | : | |
| Defendant. | : | |
| | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant's, United States of America, Motion to Dismiss (Doc. 12). Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED**.

### II. BACKGROUND

#### A. Factual Background

Plaintiff Jonathan Boyd ("Boyd") alleges his personal medical information was disclosed to third parties without his consent on two different occasions by employees of the United States Department of Veterans Affairs ("VA"), in violation of the Privacy Act, 5 U.S.C. § 552a.

Boyd alleges that in January of 2009, he first learned of an autumn 2008 disclosure of his health information, without his consent. *Complaint*, Doc. 3 at 3. According to Boyd, his wife informed him that in the fall of 2008, his physician from the Dayton VA Medical Center disclosed to his wife information regarding Boyd's medication. *Id*. Boyd alleges a second unauthorized disclosure occurred on August 24, 2009, when a nurse at the Dayton Veterans Affairs Medical Center Primary Health Clinic announced results of Boyd's medical test in the

clinic's public area, permitting others to hear. *Id*. It is undisputed that Boyd was advised by the Department of Veterans Affairs on August 24, 2009 that his health information may have been compromised. *Motion to Dismiss*, Doc. 12 at 2.

On December 22, 2010, prior to filing this suit, Boyd filed an administrative tort claim under the Federal Tort Claims Act with the Department of Veterans Affairs. Doc. 18, Exh. 1 at 68. The VA notified Boyd of the denial of his administrative claim on April 22, 2011, stating:

> [Y]ou may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter.

Doc. 18, Exh. 1 at 68. Boyd did, in fact, file this action within six months, to the day, of receiving the April 22 letter. Boyd filed a Privacy Act claim, however, rather than a Federal Tort Claims Act ("FTCA") claim. *Complaint*, Doc. 3 at 2.

Boyd alleges he was advised of his rights "to sue under the Privacy Act in accordance with the Federal Tort Claims Act . . . which provides that a tort claim that is denied may be brought to a federal court for consideration. This action was brought within the six month time frame allowed." *Plaintiff's Response*, Doc. 16 at 3-4. Boyd apparently mistook his rights under the FTCA for those under the Privacy Act. He erroneously believed his rights under both Acts to be the same.

### B. Procedural Background

Boyd filed this action against the United States on October 21, 2011; he proceeds *pro se*. Defendant moves to dismiss this action under F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction. *Motion to Dismiss*, Doc. 12 at 2. Defendant argues that Boyd's claim is time-barred

because he failed to file his Privacy Act claim within the relevant statute of limitations period. *Id*. at 3. The statute of limitations for the particular Privacy Act claim raised by Plaintiff is two years from the time Plaintiff "knows or has reason to know" of the alleged violation. *See Oja v. United States Army Corps of Engineers*, 440 F.3d 1122, 1135 (9th Cir. 2006); *see also Lockett v. Potter*, 259 F. App'x 784, 787 (6th Cir. 2008). The motion has been fully briefed and is now ripe for decision.

### III. STANDARD OF REVIEW

Subject matter jurisdiction is a threshold matter that a court must decide prior to considering a claim's merits. *City of Health, Ohio v. Ashland Oil, Inc.,* 834 F.Supp. 971, 975 (S.D.Ohio 1993). Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986). Attacks on subject matter jurisdiction may be either facial attacks or factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598. A facial attack challenges the legal sufficiency of the complaint. When considering such a challenge, the court "must take the material allegations of the petition as true and construe[] [them] in the light most favorable to the nonmoving party." *Id*.

While a court does not consider "matters outside of the pleadings" when testing the sufficiency of a claim, "'[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting Fed. R. Civ. P. 10(c)). If this were not the case, "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon

which it relied." *Id*. Furthermore, where extrinsic materials "add nothing new, but, in effect, reiterate the contents of the complaint itself," they may be considered without converting a motion to dismiss to a motion for summary judgment. *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997). The chief concern when considering extrinsic materials on a motion to dismiss is that defendants seeking dismissal not suffer "any prejudicial surprise" as a result of the plaintiff including documents with its pleadings. *Id*. In the Sixth Circuit matters of public record may, at the court's discretion, also be considered at the dismissal stage. *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001).

## IV. LAW AND ANALYSIS

### A. Privacy Act: "No Disclosure Without Consent" Rule

Section 552a(b) of the Privacy Act prohibits a federal agency from releasing information about an individual without her consent, subject to certain exceptions not relevant here. 5 U.S.C. § 552a(b) ("No agency shall disclose any record which is contained in a system of records by any means of communications to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains [subject to twelve exceptions].").

While the term "disclosure" is not defined by the statute, it has been interpreted broadly. *See, e.g.*, *Pippinger v. Rubin*, 129 F.3d 519, 529 (10th Cir. 1997) (citing legislative history to support a broad interpretation of the Privacy Act's disclosure provision). Thus, a "disclosure" may be by any means of communication, including written, oral, electronic, or mechanical. *See* OMB Guidelines, 40 Fed. Reg. 28,953 (July 9, 1975) ("The phrase 'by any means of communication' means any type disclosure (e.g. oral disclosure, written disclosure, electronic or

mechanical transfers between computers of the contents of a record)."); *see also, e.g.*, *Jacobs v. Nat'l Drug Intelligence Ctr.*, 423 F.3d 512, 517-18 (5th Cir. 2005) ("A myriad of cases has held or assumed that the Act protects against oral disclosures, as well as the nonconsensual dissemination of letters and memoranda containing information from a system of records.") The burden of demonstrating that a disclosure by the agency has occurred rests with the Plaintiff. *See, e.g.*, *Askew v. U.S.*, 680 F.2d 1206, 1209-11 (8th Cir. 1982) (finding the plaintiff's circumstantial evidence fell short of establishing an unlawful disclosure by the IRS). Once a plaintiff has satisfied that burden, Section 552a(g)(1)(D) governs damages for an unlawful disclosure. 5 U.S.C. § 552a(g)(1)(D).

### 1. Statute of Limitations

The Privacy Act provides that a claim must be brought in federal district court within two years of the alleged Privacy Act violation. 5 U.S.C. § 552a(g)(5).[1] An exception to the limitations period may arise when "an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section...." 5 U.S.C. § 552a(g)(5). In that case, a plaintiff may bring an action within two years of the discovery of the misrepresentation. *Id.*; *see also Shearson v. Holder*, 865 F.Supp.2d 850, 868-69 (N.D. Ohio 2011); *Lockett*, 259 F. App'x at 786.

---

[1] "An action to enforce any liability created under this section may be brought *in the district court of the United States* in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, without regard to the amount in controversy, *within two years* from the date on which the cause of action arises, *except that* where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so is represented is material to the establishment of the liability of the agency . . . the action may be brought at any time within two years after discovery . . . of the misrepresentation." 5 U.S.C. § 552a(g)(5) (emphasis added).

The limitations period for a Privacy Act claim begins to run when the plaintiff knows or has reason to know (or "should have known") of the alleged violation by a federal agency. *See, e.g.*, *Shearson v. Holder*, 865 F.Supp. at 867; *Lockett*, 259 F. App'x at 787.

## 2. Boyd's Claim

Boyd learned of the first disclosure incident in January, 2009, when his wife informed him that his VA doctor had disclosed Boyd's medication prescription to her in the fall of 2008. He knew about the second disclosure incident on the day it occurred, August 24, 2009, because he witnessed the alleged disclosure. Thus, the limitations periods for each cause of action would have ended in January, 2011 and on August 24, 2011 respectively.

Boyd argues, however, that his claim is not time-barred for three reasons. First, he states that the letter he received denying his administrative claim "clearly states that [he] had six months in which to file a suit in federal court." *Plaintiff's Response*, Doc. 16 at 5. His federal lawsuit was in fact filed six months to the day of the receipt of his administrative claim denial letter (his denial letter is dated April 22, 2011; his federal suit was filed on October 21, 2011) (*see* Doc. 18, Exh. 1 at 68; *see also Plaintiff's Response*, Doc. 16 at 5). Defendant responds that Boyd's administrative claim was filed under the Federal Tort Claims Act ("FTCA"), not under the Privacy Act; and thus his administrative claim did not toll the statute of limitations for his Privacy Act violation. *Defendant's Reply*, Doc. 18 at 3-4.

Second, Boyd asserts that "the general counsel office willfully and materially misrepresented the facts . . . as to when [he] could file a lawsuit." Thus, he claims he falls within the exception to the Privacy Act's statute of limitations. Defendant contends that the exception does not apply to Boyd.

Third and finally, Boyd alleges he was told "several times" from December 2010 through March 2011 by the Cleveland Ohio Veterans Affairs counsel's office that "the statute of limitations clock stopped with the filing of [his] tort claim" and that he could not file a claim in federal court until "the claim was denied or approved and settled." *Plaintiff's Response*, Doc. 16 at 4-5.

From the record it is not clear whether the claim Boyd submitted to the VA was for an alleged Privacy Act violation. Regardless, administrative exhaustion is not required under the Privacy Act. *See* 5 U.S.C. § 552a(g)(5) ("[a]n action to enforce any liability created under this section may be brought *in the district court of the United States* ... within two years from the date on which the cause of action arises ....") (emphasis added). Boyd's claim is, therefore, still subject to the Privacy Act statute of limitations, unless subject to the statutory exception or a relevant equitable doctrine.

Even accepting, for the purpose of argument, that the VA regional counsel's office did "willfully and materially misrepresent" facts regarding the statute of limitations for Boyd's Privacy Act claim, such a claim remains outside the Privacy Act's statute of limitations exception. As Defendant correctly states, "[t]he misrepresentation referred to in the statute pertains to information that the *agency was required to disclose under the statute* and willfully failed to disclose. In order for the exception to apply, the undisclosed information must be material *to the establishment of liability* under the Act." *See* 5 U.S.C. § 552a(g)(5). *See also, e.g.*, *Lockett* 259 F. App'x at 786, *Oja*, 440 F.3d at 1136. Boyd alleges the VA "willfully and materially" misrepresented the information regarding when he could file a lawsuit. *Plaintiff's Response*, Doc. 16 at 5. The information allegedly misrepresented is not material to the

7

establishment of the VA's liability under the Privacy Act, only to the procedural requirements for filing a claim.  The Privacy Act's statute of limitations exception is, thus, inapplicable.

The undisputed facts demonstrate that Boyd filed this action outside the Privacy Act statute of limitations and that his claim does not fall under the statute's exception. The action may proceed only if it qualifies for some form of equitable relief from the deadline.

### B. Equitable Relief from Statute of Limitations

Whether equitable relief from the statute of limitations is available to the Plaintiff hinges on whether the Privacy Act's statute of limitations, 5 U.S.C. § 552a(g)(5), is a traditional statute of limitations or a jurisdictional bar.  *United States v. Locke*, 471 U.S. 84, 94 n.10 (1985). If it is indeed a jurisdictional bar, as Defendant suggests, this Court lacks subject matter jurisdiction over the case and it must be dismissed.  *See Zipes v. Trans World Airlines*, *Inc*, 455 U.S. 385, 393 (1982).

There is a circuit split as to whether the Privacy Act's statute of limitations is jurisdictional in nature and the Sixth Circuit has not yet opined on the issue.  Defendant argues that it is, in fact, a jurisdictional bar, citing the Seventh Circuit.  *See Diliberti v. United States,* 817 F.2d 1259, 1262 (7th Cir. 1987).  The Seventh and Tenth Circuits have held that a plaintiff's failure to file within the Act's two year limitations period deprives courts of subjection matter jurisdiction.  *See Harrell v. Fleming,* 285 F.3d 1292, 1293 (10th Cir. 2002).  Conversely, the Ninth Circuit and the D.C. Circuit hold the Privacy Act's statute of limitations is not a jurisdictional bar, citing the Supreme Court's decision in *Irwin v. Dept of Veterans Affairs*, 498 U.S. 89, 111 (1990).  *See Chung v. U.S. Dep't of Justice,* 333 F.3d 273, 278 (D.C.Cir. 2003) (concluding that "a Privacy Act claim for unlawful disclosure of personal information is

sufficiently similar to a traditional tort claim for invasion of privacy to render the *Irwin* presumption [allowing equitable tolling] applicable."); *Rouse v. United States Dep't of State,* 567 F.3d 408, 415-16 (9th Cir. 2009).

### 1. The *Irwin* Presumption

In *Irwin*, the Supreme Court announced "a general rule to govern the applicability of equitable tolling in suits against the government." *Irwin,* 498 U.S. at 95–96. The Court held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id.* Since *Irwin*, the Supreme Court has provided further guidance as to when the *Irwin* presumption applies. Courts have held that, for the presumption to apply, "the type of litigation at issue must not be so peculiarly governmental that there is no basis for assuming customary ground rules apply." *Chung,* 333 F.3d at 277; *see also United States v. Brockamp,* 519 U.S. 347, 350 (1997) (finding a tax refund suit and private suit for restitution "sufficiently similar" to merit application of *Irwin* presumption). Additionally, courts following *Irwin* have found that, to determine whether the presumption has been rebutted, the proper inquiry is whether "there is good reason to believe that Congress did *not* want the equitable tolling doctrine to apply[.]" *Brockamp*, 519 U.S. 347 at 350 (emphasis in original). *See also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 138 (2008); *Glarner v. U.S., Dept. of Veterans Admin.*, 30 F.3d 697, 701 (6th Cir. 1994) (citing *Irwin* in holding, "unless Congress provides otherwise, a statute of limitations for suits against the government is subject to equitable tolling."). The Court has stated that "specific statutory language" can rebut the *Irwin* presumption. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 138 (2008); *see also United States v. Beggerly*, 524 U.S. 38, 48 (1998) ("Equitable

9

tolling is not permissible when it is inconsistent with the text of the relevant statute."). Moreover, "a definitive earlier interpretation of the statute" finding a congressional intent contrary to applying the *Irwin* presumption constitutes a "similarly sufficient rebuttal." *Id.*

Congressional intent to foreclose equitable tolling can, though it need not, be inferred from the inclusion of a statutory exception to the limitations period. *See, e.g.*, *Chung,* 333 F.3d at 278-79 (finding that the language of the exception cuts against the *Irwin* presumption, but does not defeat it); *Rouse*, 567 F.3d at 416 (same).

Neither the Sixth Circuit nor the Supreme Court has yet addressed the specific question of whether the *Irwin* presumption applies in actions under the Privacy Act, § 552a(g)(5). The Northern District of Ohio has addressed it, agreeing with the Ninth Circuit and the D.C. Circuit that Privacy Act claims are sufficiently similar to privacy tort claims to trigger application of the *Irwin* presumption in favor of equitable tolling. *Shearson v. Holder*, 865 F. Supp. 2d 850, 867-69 (N.D. Ohio 2011) ("Because the court finds that the statute of limitations is not jurisdictional, the Court declines to decide the Defendants' Motion under 12(b)(1).").

In the absence of specific Congressional intent to the contrary, and considering the Privacy Act's similarity to privacy actions in tort, this Court finds that the Privacy Act's statute of limitations is a traditional statute of limitations. The Court, therefore, has jurisdiction to consider whether either of two equitable doctrines apply to Boyd's suit: (1) equitable estoppel; and (2) equitable tolling.

### 2. Equitable Estoppel

The Sixth Circuit holds that the doctrine of "[e]quitable estoppel 'comes into play if the defendant takes active steps to prevent plaintiff from suing in time . . .'" *E.E.O.C. v. Kentucky*

*State Police Dept.,* 80 F.3d 1086, 1095 (6th Cir. 1996), quoting *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450–51 (7th Cir. 1990). For equitable estoppel to apply, a plaintiff must demonstrate a defendant engaged in "egregious wrongdoing" or "improper conduct" upon which the plaintiff reasonably relied and which prevented plaintiff from suing in time. *See Bridgeport Music, Inc. v. Diamond Time, Ltd.,* 371 F.3d 883, 891 (6th Cir. 2004) (citations omitted). Tolling the statute of limitations on this basis requires the plaintiff to show: (1) conduct or language amounting to representation of a material fact; (2) the party to be estopped is aware of the true facts; (3) the party to be estopped intends that the representation be acted upon, or the party asserting estoppel reasonably believes that he so intends; (4) the party asserting estoppel is unaware of the true facts; (5) the party asserting estoppel reasonably or justifiably relies on the representation to his detriment. *Egerer v. Woodland Realty, Inc.,* 556 F.3d 415, 425 (6th Cir. 2009)); *see also Sprague v. General Motors Corp.,* 133 F.3d 388, 403 (6th Cir. 1998). Here, Plaintiff alleges he was informed several times by VA employees that he should not and, in fact, could not file his claim in federal court until his agency claim had been formally decided. *See Plaintiff's Response*, Doc. 16 at 4-5. There is, however, no evidence Defendant or its representatives possessed the requisite intent to prevent Boyd from timely suing. Thus, equitable estoppel is inapplicable to the claim.

### 3. Equitable Tolling

Under the doctrine of equitable tolling, courts may toll the statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 785-86 (6th Cir. 2010) (internal citations omitted). The Sixth Circuit examines five factors to determine whether the

doctrine applies: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998). These five factors are not exhaustive and not all are relevant in each case. *See Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002). The Court, therefore, considers equitable tolling on a "case-by-case basis." *Id*.

The Sixth Circuit holds that "whether equitable tolling is warranted is a fact-intensive inquiry best left to the district courts." *Robertson v. Simpson*, 624 F.3d 781, 785-86 (6th Cir. 2010) (citing *Holland v. Florida*, 130 S.Ct. 2549, 2565 (2010). In the Sixth Circuit, the party seeking to benefit from equitable tolling "bears the burden of proving he is entitled to it." *Id*. at 785 (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560-61 (6th Cir. 2000)).  In *Ayers v. United States*, the Sixth Circuit stated, "[a]lthough equitable tolling may be applied in suits against the government, courts will only do so 'sparingly,' and not when there has only been 'a garden variety claim of excusable neglect.'" 277 F.3d 821, 829 (6th Cir. 2002) (citing *Irwin*, 498 U.S. at 96).

As the Court determines herein that the *Irwin* presumption applies to the Privacy Act claims, the Court then applies the Sixth Circuit standards to the facts of Boyd's case to determine whether equitable tolling should act to toll the limitations period on Plaintiff's Privacy Act claim.

**a. First and Second Factors: Lack of Notice and Constructive Knowledge**

Owing to Defendant providing misinformation, Plaintiff lacked constructive notice of the actual statute of limitations for his Privacy Act claim.  Boyd asserts he was erroneously informed by the VA regional counsel's office that he had to "wait to file [his] claim" in federal court until

12

after his administrative claim was denied, approved, or settled. *Plaintiff's Response*, Doc. 16 at 4.

Although Defendant asserts that Boyd filed only a torts claim under the Federal Torts Claims Act with the VA, Defendant offers the Declaration of Dennis McGuire, the VA official who reviewed Boyd's claim, which indicates that the VA did consider Plaintiff's Privacy Act claim. *See* Doc. 18, Exh. 1 at 67. McGuire states, "Upon investigation of the claims of Mr. Boyd and relevant legal authorities, it was determined that the VA did not intentionally and willfully fail to comply with the provisions of the Privacy Act causing an adverse effect on the claimant . . ." *Id*. While there is no exhaustion requirement under the Privacy Act, Boyd was under the impression (as was McGuire), reasonable in the circumstances, that his Privacy Act claim was under review along with his FTCA claim, the latter of which does require administrative exhaustion. *McNeil v. United States*, 508 U.S. 106, 111 (1993). The VA's representation that it had reviewed Plaintiff's Privacy Act claim was reasonably relied upon by Plaintiff in determining when he must file his suit in this Court. Thus, as a result of Defendant's acts, Plaintiff lacked both notice and constructive knowledge of the Privacy Act filing requirements, specifically the statute of limitations, as applicable to his case.

Thus, the first and second factors, lack of notice and lack of constructive knowledge, favor equitable tolling for Plaintiff's claims.

### b. Third Factor: Plaintiff's Diligence

In this instance, Boyd pursued his rights with due diligence. His particular diligence weighs heavily in favor of applying equitable tolling to this suit. After the alleged disclosure incidents, Boyd contacted the VA regional counsel's office to inquire about his legal rights. *Defendant's Reply*, Doc. 18 at 2. Upon learning that he may have a claim, Boyd filed such an

administrative claim, for Defendant's unauthorized disclosures, with the VA. From December 2010 through March 2011, Boyd alleges he corresponded on several occasions with VA regional counsel employees, inquiring about his administrative claim and his right to sue in court. *Plaintiff's Response*, Doc. 16 at 4-5. Within six months of receiving notice of the denial of his administrative claim, Boyd filed this suit, believing that he was following the proper instructions the VA provided in the letter denying his administrative claim. Boyd has diligently pursued his legal remedies for this suit.  Thus, the third factor, "diligence in pursuing one's rights," weighs in favor of granting equitable tolling for Boyd's claim.

### c. Fourth Factor: Prejudice to Defendant

Although a defendant's position is always worsened by permitting a plaintiff the benefit of equitable tolling where a plaintiff's action would be otherwise barred, that alone does not mean Defendant has been prejudiced.  Here, there is no other allegation that Defendant has been prejudiced or that the delay has harmed Defendant's ability to defend itself.  The fourth factor, therefore, does not significantly weigh against equitable tolling for Plaintiff's claim.

### d. Fifth Factor: Plaintiff's Reasonableness in Remaining Ignorant of Legal Requirement

While a plaintiff's *pro se* status alone is insufficient to excuse late filing, *pro se* litigants are often afforded a special solicitude by courts, particularly in the enforcement of procedural rules. *See, e.g. Tracy v. Freshwater*, 623 F.3d 90, 101-03 (2d Cir. 2010); *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008); *Adams v. Nankervis*, 902 F.2d 1578 (9th Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).  Moreover, the Sixth Circuit has already held in a suit against the VA that equitable tolling applies where a *pro se* plaintiff mistakenly, but reasonably, believed all his claims were being processed in an administrative

14

proceeding and thus missed the statute of limitations. *Glarner v. U.S., Dept. of Veterans Admin.*, 30 F.3d 697, 700-02 (6th Cir. 1994). Although in *Glarner* the Sixth Circuit stated "a skilled lawyer should have known [that not all his claims were part of his administrative proceeding]" the plaintiff "reasonably believed" all his claims were being processed. *Id*. Thus, the fifth factor, a plaintiff's reasonableness in remaining ignorant of the particular legal requirement, favors equitable tolling for Plaintiff's claim.

There is no question that Boyd's claim in this Court was brought outside the Privacy Act statute of limitations. Since the Court finds four of the five equitable tolling factors favor equitable tolling for Boyd's claim, and that the fifth does not weigh significantly against it, Boyd's suit is not barred by the statute of limitations. Thus, the claim is considered timely filed and Plaintiff's suit may proceed.

## V. CONCLUSION

For the reasons stated above, Defendant's, United States of America, Motion to Dismiss Plaintiff's Complaint is **DENIED**.

**IT IS SO ORDERED.**

          s/ Algenon L. Marbley  
**ALGENON L. MARBLEY**  
**UNITED STATES DISTRICT JUDGE**

**DATED: March 18, 2013**